## SUPREME COURT.

RALPH W. GOULD and others agt. OGDEN N. CHAPIN and others.

Section 125 of the code gives the court power to change the place of trial (in transitory actions) in the cases provided by statute. Section 49 of the Judiciary Act of 1847, is the statute to which this section of the code refers (*Lynch* v. *Mosher, ante,* page 86;) and provides that the court may, in a proper case, order any issue of *fact joined* in a cause to be tried in any county other than that named in the declaration (or complaint.) But such an order does not carry with it a change of the venue, (3 Howard's Pr. R. 71, 72; *ante,* page . 81 and 86.) Nor change the place for *making motions* in the cause.

Section 401 of the code is a revision and substitute for § 51, of the Judiciary Act, (which required all motions to be made in the county in which the venue should be laid, or in an adjoining county,) and extends the territorial limits within which a motion may be made, to the entire district in which the action is triable.

*Motions* are therefore properly made in a cause in the district (or an adjoining county) in which the venue is laid, although the cause may have been tried in another district, by an order of the court changing the place of trial.

*It seems* that there is no statute under which the court can order an *issue of law* to be tried out of the county originally specified in the complaint, or that substituted under § 126 of the code.

There being no guide or test by which to determine what is within § 308 of the code a difficult or extraordinary case for additional allowance, *it seems* that it is the safest practice to deny the allowance in all doubtful cases, and to grant it only in those which, on account of their peculiarities or difficulties, plainly distinguish them from the great mass of litigated suits. (SILL, Justice.)

A referee's certificate that "the investigation and trial of the cause involved difficult questions of law; and which required and evidently received much examination and preparation on the part of the counsel of the respective parties," is not such evidence as to authorize a court to make an additional allowance. The *court* must know what the *facts are* which constitute such difficulties.

*Monroe Special Term, Dec.* 1849.—This is a motion on the part of the plaintiffs for an allowance in addition to costs, under section 308 of the code.

The action was for the value of goods belonging to the plaintiffs, alleged to have been lost through the negligence of the defendants, who received them as common carriers for transportation from New York to Albany.

The answer sets up that the defendants have not sufficient information as to the plaintiff's partnership, or as to the receipt by them of the property for transportation, to form a belief on the subject; and puts the plaintiffs to the proof of these allegations. It denies that the property

was lost by the defendants' negligence. It also alleges if the goods were ever received by the defendants, they were safely transported to Albany, taken from the vessel in whioh they were brought and delivered into the defendants' possession as warehousemen, and while they held them as warehousemen, they were, without the defendants' fault or negligence, destroyed by fire. It also alleges that the goods were directed to be forwarded west from Albany by a canal boat line, called the Atlantic line; that the agents of that line were, after the arrival of the goods at Albany, notified that the goods were ready for delivery to them on payment of the defendants' charges, and that after such notice the goods were lost and destroyed by the act of God.

The new matters set up in the answer were denied in the reply. This motion is made upon the pleadings, and an affidavit showing that the plaintiffs reside in Monroe county, and that county was designated in the complaint as the place of trial. That after issue joined, the place of trial was by an order of the court, upon the defendants' application and for the accemmodation of his witnesses, changed to the county of Albany, where the cause was tried before a referee : and upon a certificate of the referee that " the investigation and trial of the cause involved difficult questions of law, and which required and evidently received much examination and preparation on the part of the counsel of the respective parties." There was a report for the plaintiffs of $552.94.

The defendants' counsel read an affidavit made by the defendants' attorney, in which *he denies* that the cause was a difficult or extraordinary one ; alleges that the time occupied in the trial did not exceed two hours ; that the summing up on both sides occupied from two to three hours, and that the cause was decided by the referee within an hour after it was submitted to him. The affidavit also states that the referee's certificate was obtained *ex parte*, without any notice of an application for it to the defendants' attorney, but no objection was made to its being read on the motion.

H. R. SELDEN, *for plaintiffs.*

J. W. DWINNELLE, *for defendants.*

SILL, Justice.—Section 401 of the code provides that " motions must be made in the district in which the action is triable, or in a county adjoining that in which it is triable, except that where the action is triable in the first judicial district, the motion must be made therein."

It is insisted by the defendants that within the meaning of this section, this cause is triable in Albany county, and it is preliminarily objected that this motion cannot be entertained in the seventh district. The

plaintiffs reside in Monroe county, and that county was specified in the complaint as the place of trial. After issue joined on the application of the defendants, an order was made changing the place of trial to Albany county.

By section 142, of the code, the plaintiff is required to specify in his complaint the county in which he desires the trial to be had; and by section 125, in transitory actions the plaintiff, in designating the county, is limited to one in which a party to the suit resides, provided any of the parties reside in this state. In case these provisions of section 125 are disregarded, and some other county than the residence of a party is designated in the complaint as the place of trial, section 126 entitles the defendant to have the venue changed to the proper county, provided he demands it before the time for answering expires. It will be seen that this is not a case where the order to change the place of trial could have been made under section 126, and it must, therefore, have been done under the authority reserved to the court in the latter clause of section 125, where it is said that the place of trial is subject to be changed by the courts in cases provided by statute.

Section 49, of the Judiciary Act, is the statute applicable to such cases, and is the statute to which this clause of section 125 of the code refers, and the one under which the order in this case, changing the place of trial to Albany county, must have been made. (*Lynch* v. *Mosher*, 4 Howard, 86.)

It is to this section, therefore, that we are to look to determine the effect of the order in question. Section 49 of the Judiciary Act, provides that the court may, in a proper case, order any issue of *fact joined* in a cause, to be tried in any county, other than that named in the declaration or complaint. But such an order does not carry with it a change of the venue in the cause. (*Barnard* v. *Wheeler*, 3 Howard, 71, 72 ; *Beardsley* v. *Dickinson*, 4 Howard, 81 ; and *Lynch* v. *Mosher*, above cited.) The effect of the order in this case, was to send the issue of fact to Albany county for trial ; and as a consequence, those proceedings in the cause, incidental to, and necessarily connected with the trial, went there also. But other proceedings were not affected by the order. The defendants' counsel contends that the order has the effect to change the venue and transfer the cause to Albany county ; or, in other words, the cause is to be regarded as though Albany county had been originally designated as the place of trial. This is clearly not the case. I have already adverted to the distinction between a change of venue and a change of the place of trial under section 49, of the Judiciary Act, and referred to decisions showing that the venue in this cause still remains

in Monroe county.   This distinction between the venue and place of trial was made important by the Judiciary Act, and was recognized and intended to be retained by the commissioners on practice, (see the first report, page, 128.)   Under the Judiciary Act, a change of the place of trial, pursuant to section 49, did not change the place for making motions in the cause.   That act provided that all motions should be made in the county in which the venue in the suit should be laid, or in an adjoining county, (§ 51.)   Of this provision, the clause quoted above from section 401 of the code, is a revision and a substitute.   This extends the territorial limits within the which the motion may be made, so as to embrace the entire district in which the action is triable.   And it is plain that such extension was the only object of the revision.   The latter section, indeed, speaks of the district where the action is triable, and not that where the venue is laid.   But this change in phraseology does not necessarily indicate a design to change the practice ; and this form of expression was adopted, not with a design to change the law, but it would seem to get rid of the word venue, which, inasmuch as it belongs to the vocabulary of technical legal language, it was thought advisable not to admit into the Code of Procedure.

The position of the defendants' counsel is also inconsistent with the latter part of section 49, of the act of 1847.   This provision requires in cases like the present that the clerk of the county where the trial takes place, shall certify the minutes and they shall be filed in the county where the issue is joined ; and the subsequent proceedings in the cause shall be had in that county as though the trial had taken place there. The county where the issue is joined, is of course that where the venue is laid, or in other words that specified in the complaint as the place of trial.   (Rule 5, of 1847 ; Rule 3, of 1849.)   Another consideration still, will show the impracticability of giving a general application to the views of the defendants' counsel on this point of practice.   Issues of law and fact may now, as formerly, be joined in the same cause ; and the examination of an issue of law is declared to be a trial.   (Code, § 252.) There is no statute under which the courts can order an issue of law to be tried out of the county originally specified in the complaint, or that substituted under section 126 of the code.   And the cause must, for this purpose, be triable in the district where the venue is regardless of any order that changes the place for trying an issue of fact.   I am satisfied that the district in which the action is triable, within the meaning of § 401, is the district in which the venue is, and that this motion is properly made in the seventh district, in which Monroe county lies.

The referee's certificate and the pleadings in the cause are relied on to show that this is a difficult case, or an extraordinary one, in which the plaintiff is entitled to an allowance in addition to costs. We have no guide or test by which to determine what is within section 308 of the code, a *difficult* or extraordinary case; and as has been well remarked, there will be among the judges a great diversity of opinion, and as a consequence, no uniformity in the practice under this law. (*Hall* v. *Prentice*, 3 How. 328–9; *Sacket* v. *Ball*, 4 id. 71.) Such being the case, it is, in my opinion, the safest practice to deny the allowance in all doubtful cases, and to grant it only in those which, on account of their peculiarities or difficulties, plainly distinguish them from the great mass of litigated suits. From the pleadings, the present case does not appear to me to be singular in its character: and taken with the opposing affidavits, I think it is shown to be one of a class very common in our courts. Every case where a defence is honestly interposed, and a recovery seriously resisted, presents some difficulties, but it does not therefore necessarily come within section 208.

The referee's certificate (assuming that it may be properly used as the foundation of the motion) does not state what questions arose on the trial, nor what the questions of law were, which he deemed difficult ones. No one will, I think, contend that these questions are to be settled by the referee instead of the courts. The certificate states no fact upon which I can, for myself, form any opinion whether the case was a difficult one; and I am not satisfied, from the papers before me, that it is one of that difficult and extraordinary character which entitles the plaintiffs to an allowance beyond the statutory costs.

It was made a point also, on the argument of the motion, that the defence had been unreasonably and unfairly conducted. The plaintiffs claiming that, putting them to the proof of their partnership and of the delivery of the goods to the defendants for transportation, was evidence of unfairness. The refusal to admit the plaintiffs' partnership, does not appear to me to give the defence this character. There is nothing showing that the defendants had the means of knowing how the fact was, and I can see no impropriety in thus requiring the plaintiffs to prove it. I was, upon the argument, strongly impressed with the idea that the putting the plaintiffs to the expense of getting witnesses from New York to prove the delivery of the goods, was unreasonable on the part of the defendants, and perhaps should subject them to the additional allowance asked for. On recurring to the complaint, I find that it sets out an inventory of goods, such as are usually bought for retail in a country store, containing about

fifty items, varying in value from sixty-three cents to $190. These goods were undoubtedly delivered to defendants in boxes, and it is not to be presumed that they were so well acquainted with the contents as to know whether the inventory contained in the complaint was or was not correct. They were not bound, in my opinion, to admit its accuracy; and the refusal to do so cannot, therefore, be unfair or unreasonable.

The motion must be denied; but as the questions presented are to some extent new, and the practice on them unsettled, it is without costs.