Dyckman agt. McDonald and Decker.

## SUPREME COURT.

### Dyckman agt. McDonald and Decker.

*All litigated trials*, are *difficult* or extraordinary. And within the meaning of the Code (§308), a percentage should be allowed to the prevailing party.

The application should be made when the cause is tried, or at least to the justice who tried it.

(*There are various decisions upon this question. See 3d and 4th vols. Howard's Pr. Rep.*)

*Dutchess Special Term, Nov.* 1850. This cause was tried at the last September circuit held in Westchester county by Justice McCoun and the plaintiff recovered $250. Upon an affidavit showing that the cause was litigated and occupied two days in its trial, &c.; the plaintiff's counsel now moves for a per centage under the Code.

J. W. Tompkins, *for Plaintiff*.

C. Frost, *for Defendants*.

Barculo, Justice.—The construction which, I have always given to the 308th section of the Code differs in some respects from that put upon it by some of the other judges. The impossibility of adopting any uniform rule in determining what were " difficult or extraordinary cases," if each case is made to stand upon its own peculiar circumstances; as well as the uncertainty and inconvenience which must attend applications of this kind, led me to an examination of the subject which resulted in the conclusion that the object of the legislature was to empower the court to allow a per centage in all cases of *litigated trials*.

This opinion is founded,

1. Upon the expressed intention of the commissioners as contained in pages 206–7 of their report. They there declare that the losing party " ought to pay the expense of the litigation." and that the section in question is designed to furnish a "mode of indemnifying the successful party for his expenses in the suit."

16

2. The intention of the commissioners is further manifested by the fact that the section as reported by them did not contain the words "difficult or extraordinary," but made the discretionary allowance depend upon a *trial being had.*

3. The specific allowances given by section 307 amount to the same sum on a simple inquest in an action upon a promissory note, as if the defendant litigated the right to recover in a trial of two or three days and at a great expense to the parties. But, if the object of the Code is to indemnify the prevailing party for his expenses, then in the case supposed, an extra allowance should be made in *consequence of the litigation.*

4. The second subdivision of section 308, by permitting an allowance in partition and foreclosure suits, &c., although "not difficult or extraordinary," shows that the discretionary power is conferred merely to enable the courts to indemnify the prevailing party for his expenses.

5. *All litigated cases are difficult.* There is no other reasonable definition which can be given to the word "difficult" consistent with the objects of the statute. It seems to be supposed by some that the party who seeks an allowance must show that it was only by great exertions that he was enabled to obtain a verdict. Those who take this view seem not to be aware of the inconsistencies into which they are wandering. For if this is the kind of difficulty meant, then it is only necessary for a party to show that his claim was unfounded, or at least doubtful, and that by his skill and ingenuity, or by the smartness of his counsel he has performed the *difficult* task of obtaining a verdict contrary to law or evidence. This would establish a difficult as well as extraordinary case in the *literal* acceptation, but not, I apprehend, in the *legal* acceptation; for this would be punishing the defeated party because he resisted an unjust or doubtful claim, while it permitted him to resist a well founded demand with impunity. And thus it would happen that the most difficult and most extraordinary cases would be precisely those in which the allowance would be most manifestly unjust. It would be a much more sensible construction to say, that, where the prevailing party has

Dyckman agt. McDonald and Decker.

a claim *plainly and clearly just*, in the enforcement of which, he is put to extra trouble and expense, in consequence of the litigation of that claim by his antagonist, he is entitled to the benefit of the extra allowance.

Besides every litigated case is really more or less difficult; all who are familiar with trying causes at the circuit are aware of the contingencies and accidents upon which cases often turn, and that no case submitted to a jury can be said to be free from doubt before the verdict is rendered. To watch over and guide an important suit carefully and safely through the dangers and objections which a skilful opponent may interpose in its progress, is a responsible duty of counsel, and can not, in my judgment, be said to be entirely free from difficulty, however well founded the cause may be in its merits. Of course there are many degrees of difficulty, which require the exercise of the discretionary power in graduating the amount of per centage. But it is my practice uniformly to distinguish between mere inquests and litigated trials, by allowing some rate of per centage in the latter. I consider that the specific allowances given by section 307 are no more than an adequate compensation where there is no litigation at the trial, and that whenever the prevailing party has to employ counsel and attend a litigated trial he can not be indemnified for his expenses except by the allowance of a per centage.

If, therefore, this cause had been tried before me, I should, without hesitation, have made an allowance. But for the reasons above given the amount of that allowance would have depended upon circumstances which could only be learned at the time. This application should have been made at the circuit when the cause was tried; or, at all events, before the judge who held the circuit, unless some special reason for not doing so is shown. This, I think, was the object of the 86th rule, although somewhat ambiguously expressed by the use of the word "court" instead of "justice."

I shall therefore deny the motion without costs and without prejudice to an application to be made before Justice McCoun.