Fox, Administrator, agt. Gould.

5 How. 278–APPLIED, 56 How. 172; s. c. 8 Daly

## SUPREME COURT.

### Fox, Adm'r of the estate of Fox, deceased, agt. GOULD.

In awarding an extra allowance of costs under § 308 of the Code, the court should *discriminate* in litigated actions, between "difficult and extraordinary" as contradistinguished from "common and ordinary." Each case must be determined according to its peculiar circumstances, no general rule can be adopted. (*The opinion in Dyckman agt. McDonald, ante page* 121, *not concurred in*).

*Jefferson Special Term, January* 1851. This was an action commenced to recover $1000, money alleged to have belonged to Isabel Fox, deceased, wife of the plaintiff, in her life time, and to have been her separate property, held by the defendant as her trustee. The cause was referred at the last December circuit upon the motion of the plaintiff, without previous notice, the defendant appearing prepared for trial. The defendant noticed the cause for trial before the referee, attended prepared, but the referee failed to appear. The parties then stipulated to try, on a given day, at which time the plaintiff proved his case as stated in the complaint. The defendant then proved, that before the death of said Isabel, and while she lived separate from her husband, she made a transfer to the defendant of her whole separate property in consideration of her previous indebtedness to him. The defendant also proved a set off, to a large amount against the said Isabel, whereupon the plaintiff's attorney, after the trial had been in progress *nearly two days,* served a notice of the discontinuance of the action. The defendant now moves for an extra allowance of costs, provided for by section 308 of the Code, on the ground that the action fell within the class of cases " difficult or extraordinary."

JOHN CLARKE, *for Defendant.*

JAMES F. STARBUCK, *for Plaintiff.*

Fox, Administrator, agt. Gould.

HUBBARD, Justice.—The term "difficult or extraordinary," seems to be used in contradistinction to "common or ordinary," hence the court is required to *discriminate*, in litigated actions, in awarding an extra allowance of costs. My view of section 308 of the Code, does not correspond with the decision in the case of Dyckman vs. McDonald (5 *Howard*, 121). It seems to me that the legislature could not have intended to empower the court to allow a percentage in all *litigated trials*; such may have been the intention of the commissioners, but that intent was frustrated by the legislature inserting in the section reported, the words "difficult or extraordinary." The section as it came from the hands of the commissioners, extended a discretionary allowance to all cases of trial, regardless of the nature or character of the action; but the section as passed into a law, plainly, imposes the duty of discrimination, and the per centage to be allowed only in cases distinguished from the mass of actions, as "difficult or extraordinary." Each case must be determined according to its own peculiar circumstances, no general rule can be established, and diversity of opinion must prevail, because each judge must be guided by his individual experience, as to what actions and trials are "difficult or extraordinary," within the statute. All litigated trials can not be considered "difficult," within the meaning of the section, because such a construction would completely nullify the words "difficult or extraordinary," as used, and contravene the plain intent of the legislature, as before observed. Effect can be given to these words, in connection and consistent with the rest of the section, and can not, therefore, be disregarded. It seems to me that the word "difficult" should be applied to questions of law involved in the action. "Extraordinary" may apply to any other feature or circumstance, distinguishing the base from ordinary litigations.

The case before me does not fall within the principle of section 308. The legal questions were not difficult, nor does it appear from the affidavits upon which the motion is made, that the circumstances connected with the trial were "extraordinary." It was an ordinary case of reference. There was nothing unusual

in the manner of the reference, or the trial before the referee. The time consumed was not extraordinary. It was conceded upon the argument that the suit had been fairly prosecuted, and when *time alone,* is relied upon, it should clearly appear that more than ordinary was necessarily consumed, for there is another portion of section 308 which provides for cases where the trial has been unreasonably protracted by the design of the party or attorney. In a doubtful case, the extra costs should be withheld. In all cases where the trial has been by reference, the certificate of the referee should be procured. The affidavits of the parties are generally so conflicting, that such certificate would materially aid in arriving at a just conclusion, in motions like this. The motion must be denied.