WALTERS *v.* SMITH ET AL.

[No. 166, September Term, 1959.]

*Decided March 16, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*William H. McCullough,* with whom was *William T. Pace*
on the brief, for the appellant.

*Arthur V. Butler,* with whom were *J. Harry Welch, H.
Mason Welch, J. Joseph Barse* and *Welch, Daily & Welch*
on the brief, for the appellees.

HAMMOND, J., delivered the opinion of the Court.

Helen Walters, the plaintiff in a personal injury case be-
low, appeals from a judgment for the defendants for costs
following the direction of a verdict for defendants at the con-
clusion of the plaintiff's case.

Mrs. Walters had suffered previous head injuries which
had occasioned headaches, dizziness and speech difficulties.
In 1951 a diagnosis was a carotid artery smaller than normal,
which caused a markedly impaired blood supply to the brain.
An operation was performed designed to dilate the arteries in
the left side of her brain and establish circulation. There
followed a complete occlusion of the carotid artery and Mrs.
Walters suffered partial paralysis of the right side and aphasia.

After the operation she gradually improved over the years.
She no longer needed a brace for her leg, and her speech was
almost normal. Dr. Spence, one of the two surgeons who

performed the 1951 operation, saw her in March, 1957, to evaluate her ability to enter a rehabilitation school to study to become a secretary. He said she was then cheerful, mentally alert with good movement and strength in the right arm, able to flex her right foot, exhibiting good memory patterns and she had no complaints of skull or back pains. His opinion was that she was both mentally and physically suitable to undertake rehabilitation measures to prepare her for return to useful employment.

In May, 1957, Mrs. Walters, while riding in an automobile driven by one of the defendants and owned by the other, was injured when the car was in a collision with another automobile. She was thrown against the front seat, hurting her right foot and ankle and her right shoulder and snapping her neck. After the accident she saw a doctor for her foot injury—it was swollen and painful—and X-rays were taken which showed no fracture. The diagnosis was a sprain and treatment was prescribed. Thereafter, Mrs. Walters began to have severe headaches and dizzy spells and then lost her ability to talk, was nervous and could not add, subtract or do her housework.

Dr. Spence testified he saw her in June, 1957, and that on his advice she entered Georgetown Hospital, where stellate ganglion blocks were done to increase the sympathetic blood supply to the brain. Her speech improved as did her neck pain, although months later her right arm and leg were considerably affected and her headaches continued. Dr. Spence was then asked a full hypothetical question (conceded to be proper by appellees) that embodied Mrs. Walters' prior history of accidents, prior symptoms, the details of the accident and the subsequent physical and mental symptoms and their treatment, and in answer said: "I feel the accident materially aggravated the situation which she had and caused these symptoms for which I treated her." He then gave as the basis of his opinion her good condition before the accident, the bad condition after the accident, and the snapping of her neck in the accident which caused an impairment in her already weakened circulatory system and brought about "the disturbances of speech and other functions of the left side of her

brain which affected her right arm and leg and aggravated the pre-existing condition."

On cross-examination Dr. Spence said that Mrs. Walters' background made it reasonable to foresee that over the years her symptoms would become worse or repeat themselves. The trial judge decided that this answer made the case one in which the results that followed the accidents could have been caused either by the accident, for which the defendants were responsible, or solely by the pre-existing condition for which they were not, and felt the jury should not be permitted to speculate.

We find the ruling to have been wrong. The case should have gone to the jury. It is not claimed that the negligence of the defendants was not at least a jury question. The appellees' claim is that the negligence did not cause the injuries complained of. The proposition of law relied on by the trial judge below and by the appellees here is undisputed. "[T]he burden of proof is on the plaintiff to prove that there was a neglect of duty by the defendant *and that the injuries sustained were the direct consequences of such neglect of duty.*" *Washington Suburban Sanitary Commission v. Musgrove,* 203 Md. 231, 238. Mrs. Walters met her burden as to the injuries to her foot. There was no contradiction that her right foot had been painfully injured and that she had had it X-rayed and diagnosed by a doctor who prescribed treatment. Clearly, she was entitled to go to the jury on that injury, and, we think, on the other results of the accident.

The proposition that if the plaintiff proves that either of two causes, for one of which the defendant is responsible and for the other of which he is not, may have caused the accident, he may not hold the defendant, is likewise fully established. "If the injury might have resulted from one of several causes, it is incumbent upon the plaintiff to present proof which will show probability of a cause other than those for which defendant is under no legal obligation. If the cause of the injury to the plaintiff can be as reasonably attributed to a cause for which the defendant is not liable as to one for which he is liable, the plaintiff has not sustained the burden of proving tortious conduct of the defendant. If there is nothing

more tangible to proceed upon than two or more conjectural theories, under one or more of which a defendant would be liable and under one or more of which he would not be liable, a jury should not be permitted to speculate how the injury occurred." *Kettle v. R. J. Loock & Co.,* 199 Md. 95, 104.

We think Mrs. Walters showed at least a reasonable probability that the defendants' negligence caused the condition she was in after the accident. Dr. Spence's testimony on direct examination gave it as his unqualified opinion that the accident materially aggravated the weakness and difficulties from which she suffered and caused the symptoms which he treated. His answer on cross-examination was no more than that an individual with Mrs. Walters' history could suffer periodic setbacks or be worse at one time than another. Immediately after giving this answer, he said on re-direct examination that in relation to "the last question of counsel for defendant" it would "very definitely" be true that an injury to the neck would increase the possibility of paralysis or aphasia.

The doctor's general answer on cross-examination did not destroy or nullify his clearly expressed professional opinion that the accident of May, 1957, produced the neurological injuries complained of, and the testimony was sufficient to make a jury question. *Langenfelder v. Thompson,* 179 Md. 502. Judge Markell said for the Court in *Charlton Bros. Transportation Co. v. Garrettson,* 188 Md. 85, 94: "The law requires proof of probable, not merely possible, facts, including causal relations. Reasoning *post hoc, propter hoc* is a recognized logical fallacy, a *non sequitur.* But sequence of events, plus proof of *possible* causal relation, may amount to proof of *probable* causal relation, in the absence of evidence of any other equally probable cause. *Baltimore City Pass. Ry. Co. v. Kemp,* 61 Md. 74 * * *." In the *Kemp* case, Judge Alvey said for the Court at page 82 of 61 Md. that a defendant cannot properly complain that his negligence produced a result in its victim because of an unusual tendency or predisposition to that result. See also *Coca-Cola Bottling Works, Inc. v. Catron,* 186 Md. 156, 161.

In the case before us neither the evidence the plaintiff of-

fered nor permissible inferences from that evidence showed that there was any cause for Mrs. Walters' condition after the accident as equally probable as the accident.

*Judgment reversed, with costs, and case remanded for a new trial.*