Mark A. Costantino, J.
In this negligence action the plaintiff is seeking an additional allowance pursuant to section 8303 (subd. [a], par. 2) of the Civil Practice Law and Rules because of the difficulty encountered in this litigation.
The case was tried twice. The first trial was held in November, 1962, consumed three court days and resulted in a jury disagreement. The second trial was held in September, 1963, consumed five days and a verdict in favor of the plaintiff was returned by the jury. Plaintiff claims that because of defendant’s counsel’>s lack of co-operation, plaintiff was compelled to call on the ■second trial the same medical expert who testified upon the first trial; that the statement signed by the plaintiff which was obtained by the defendant’s investigator absolving the defendant from negligence was obtained in bad faith since the plaintiff was unable to read; that when the investigator was called as a witness he testified that he did not remember any of the facts concerning the accident even after reading plaintiff’s signed statement *61 which was written out in the investigator’s handwriting; that the investigator denied remembering ever speaking or seeing the defendant’s employees, the plaintiff or plaintiff’s wife; that a witness who testified on behalf of defendant on the first trial was not called by the defendant on the second trial, although present in court one day and failed to return the following day thereby being unavailable as a rebuttal witness on behalf of the plaintiff; that the plaintiff encountered difficulty in obtaining the minutes of the first trial for use on the second trial because of the court reporter’s illness; that the jury was selected twice for the second trial, the second selection being in the presence of the presiding Judge and the selection of the jury consumed two court days.
Prior to September 1, 1963, the date when the Civil Practice Law and Buies went into effect, an application for additional allowance was made under section 1513 of the Civil Practice Act. This section empowered the court to grant an additional allowance “in a difficult and extraordinary case” where a defense had been interposed in an action (emphasis supplied). The courts in this State have said that before the court will exercise its discretion in granting an additional allowance three conditions must be met: (a) a defense must have been interposed; (b) the case must have been difficult; (c) the case must have been extraordinary. (Standard Trust Co. v. New York Cent. & Hudson Riv. R. R. Co., 178 N. Y. 407; Montalbano v. New York Cent. R. R. Co., 49 N. Y. S. 2d 821; Ciufo v. Ciufo, 186 Misc. 1000.)
In Kinney v. New York Cent. Hudson Riv. R. R. Co. (175 N. Y. S. 241), an additional allowance was granted in a negligence action which was tried six times with five appeals to the Appellate Division and one to the Court of Appeals. The Appellate Division reversed an order granting an additional allowance (190 App. Div. 967).
The court in an effort to arrive at an understanding of the phrase “ to any party to a difficult or extraordinary case, where a defense had been interposed ” as used in section 8303 (subd. [a], par. 2) of the Civil Practice Law and Buies reviewed earlier judicial matter and cases and found a wide diversity of opinion (emphasis supplied). The Judicial Council (Third Annual Report, 1937, p. 323) in reviewing the history of awarding costs in a civil action to a litigant recommended that an additional allowance with a maximum limit be granted in the court’s discretion. The granting of this additional allowance was not to be limited to actions that were difficult or extraordinary.
*62 The New York Code of Procedure for the year 1848 contained a section 308 (as amd. by L. 1849, ch. 438) which read, in part, as follows: “ In addition to these allowances, if the action be for the recovery of money, or of real or personal property, and a trial has been had, the court may in difficult or extraordinary cases, make an allowance ” (emphasis supplied).
In Dyckman v. McDonald (5 How. Prac. 121, 122) the court held: “5. All litigated cases are difficult. There is no other reasonable definition which can be given to the word * difficult ’ consistent with the objects of the statute,”
In Howard v. Rome & Turin Plank Rd. Co. (4 How. Prac. 416) the court said that “ The fact that the trial lasted four or five days, is enough to render it ‘ extraordinary,’ within the meaning of the statute. It was of unusual length, and the expense of the plaintiff would be proportionably increased.” The court was of the further opinion that the fixed rates were intended for ordinary cases occupying only the usual length of time and not characterized by the need for obtaining scientific witnesses to make preparation for trial, as used on this occasion.
In Sackett v. Ball (4 How. Prac. 71) in determining the meaning of the words 6 ‘ difficult or extraordinary ’ ’ the court was inclined to think that it would be influenced more by the difficulty and intricacy of the question involved rather than the time occupied in the litigation. The court was also of the opinion that from a reading of the code it may be inferred that the Legislature contemplated a reference to the number and length of proceedings in an action as well as the intrinsic difficulties of the questions in determining upon the allowance.
In Gould v. Chapin (4 How. Prac. 185) it was the court’s opinion that this additional allowance should be granted only in those cases which on account of their peculiarities and difficulties plainly distinguish them from the great mass of litigated suits.
In Fox v. Gould (5 How. Prac. 278) the court, in determining the meaning of the phrase “difficult or extraordinary ” stated that the word difficult should be applied to questions of law involved in the action and extraordinary may be applied to any other feature or circumstance distinguishing the case from ordinary litigations.
In Hall v. Prentice (3 How. Prac. 328, 329) the court stated: “ It is only ‘ in difficult or extraordinary cases,’ that the court is authorized by § 263 of the Code of Procedure, to make an allowance of per centage in addition to the costs provided by § 262 ’ ’. The court further stated: “The per centage is designed to compensate for great labor and extraordinary services, and *63 the discretion given is confined expressly to causes of that description. ’ ’
In Fox v. Fox (22 How. Prac. 453, 458) the court in its opinion in discussing the word ‘1 extraordinary ’ ’ and the word 1 ‘ difficult ” said: <£ Extraordinary is above ordinary, it is ‘ remarkable ’, ‘uncommon;’ ‘ so in an eminent degree.’ * * * So, too, ‘ difficult, ’ although a comparative term, is to have at least the common sense meaning and common understanding of that term, as applicable to the character as well as to the trial of actions. * * * If compared with the average of ordinary cases it presents nothing but a good deal of labor of the common and ordinary kind, then it is not ‘ difficult ’ in the sense contemplated by the Code.”
On appeal the appellate court (its opinion appearing below the opinion of the Special Term [22 How. Prac. 459]), on the question of extra allowance, fully concurred with the Special Term and adopted the opinion of the learned Judge written on that occasion.
Carmody’s New York Practice (vol. 11, § 237) states: “ It has been asserted that the word ‘ difficult ’ should be applied to questions of law in the action while ‘ extraordinary ’ may apply to any other feature or circumstance distinguishing the case from ordinary actions.”
From all of the foregoing, the court is of the opinion that the case on trial was neither difficult nor extraordinary in that there were no unusual or unexplored questions of law to be resolved or examined and that there was nothing unusual or different to distinguish this trial from the trial of ordinary actions. The fact that there were two trials, one of three-day duration and the other of five-day duration, and the necessity of recalling a medical expert at additional expense to the plaintiff or any of the other reasons set forth in the moving affidavits does not make the case a difficult or extraordinary one.
The motion for an additional allowance is therefore denied.