Evelyn McGrath, Respondent, v. Chester Irving, Appellant.

Third Department, December 20, 1965.

*Karl H. Schrade* and *Francis E. Lehner* for appellant.

*John F. Kelly* for respondent.

HERLIHY, J. The plaintiff on the evening of January 31, 1962 was a passenger in the automobile operated by the defendant. In attempting to make a left turn from Menands Road into Van Rensselaer Boulevard it collided with an automobile proceeding easterly on Menands Road. The plaintiff sued the owners of both vehicles but a settlement during trial was effected with the owner of the east bound car and the action proceeded to judgment against the defendant herein.

The question of the defendant's negligence was properly submitted to the jury and, as the court properly instructed the jury

when it returned for further information, the degree of responsibility of the owners of the colliding automobiles is not the law in this State.

The plaintiff contends, *inter alia*, that she received an injury to her throat by striking the side of the car and swallowed glass which allegedly caused an epidermoid carcinoma of the larynx resulting eventuallly in a total laryngectomy.

At the trial a doctor associated with the Chevalier Jackson Clinic, and the Department of Laryngology-bronchoesophagology at Temple University testified. He stated that the clinic was engaged in the research and treatment of diseases of the larynx, tumors of the larynx, foreign bodies of the larynx and the tracheobronchial tree, and diseases of the bronchial tree, the lungs and the esophagus. He further testified that he was familiar with the history of the plaintiff's injury, the subsequent events and from his own observation, having performed the operation, in answer to a hypothetical question, he said: '' My opinion, the events, the accident, the inhalation of glass were a cause of accelerated development or growth of Mrs. McGrath's cancer.''

The defendant produced medical testimony that there was no causal relationship between the accident and the resulting carcinoma.

This, of course, presented a sharp medical issue of fact, but we find the resolution of the jury in favor of the plaintiff is supported by a preponderance of the evidence. It would be difficult to conceive a better qualified physician than the plaintiff's expert as to this particular phase of medicine. It is generally conceded by the medical profession that the origin and cause of cancer cells are unknown. It is likewise a fact that medicine is not an exact science but in the legalistic sense when a doctor in circumstances such as here expresses an opinion based upon a fair and accurate hypothetical question and establishes relationship between the accident and the injury, it is acceptable and the only reasonable basis on which to predicate the right to recover. It is for this reason that the courts have come to permit the injection of words such as '' possible '' and '' probable '' by the medical profession in expressing an opinion, providing, of course, there is a reasonable basis in fact for such a permit. (See *Cunningham* v. *Maxwell*, 6 A D 2d 366.)

It is not, however, the intent of the courts to permit rash speculation and surmise but here, considering the limited knowledge as to the cause of carcinoma, the medical qualifications of the plaintiff's expert were such as to entitle him to give an opinion based upon the hypothetical question for the jury's

consideration. The rule is generally recognized. (See *Walters* v. *Smith*, 222 Md. 62 [a neurological injury]; *Baker* v. *De Rosa*, 413 Pa. 164 [a cancer injury].)

Following the trial, the plaintiff moved pursuant to CPLR 8303 for an additional allowance on the grounds of unusual and extraordinary medical proof and expense and also that the interposing of a defense of workmen's compensation as an exclusive remedy required the testimony of several additional witnesses and prolonged the trial. His further ground, which we find to be without merit, was that it became necessary to retain " associate counsel ".

In *Standard Trust Co.* v. *New York Cent. & Hudson Riv. R. R. Co.* (178 N. Y. 407 [1904]), it was stipulated that the defendant was negligent and the decedent free from contributory negligence and that the trial was for the sole purpose of assessing damages. Following a substantial verdict for the plaintiff, an additional allowance was granted. The Court of Appeals, after reviewing the power of the trial court to grant such additional allowance, reversed and stated at page 410: " A general rule specifying the precise limitation that they impose upon the power of courts to grant an additional allowance may be difficult to formulate, but their application to the facts of a particular case when presented is not troublesome. A negligence case may arise which may be so difficult and extraordinary as to bring it within the provisions of the statute, but ordinarily they are neither difficult nor extraordinary. Indeed, they are the most common and numerous of any class of cases which we have in court."

In *Kinney* v. *New York Cent. & Hudson Riv. R. R. Co.* (175 N. Y. S. 241 [1919]), a negligence case was tried six times and there were five appeals to the Appellate Division and one to the Court of Appeals. An order granting an additional allowance was reversed by the Appellate Division. (See 190 App. Div. 967.)

In 1963, following a second trial, an additional allowance was denied in a negligence case (see *Addamo* v. *Scaturro*, 41 Misc 2d 60).

There is no basis here for the allowance of an additional award. Claims for injuries associated with carcinoma are becoming quite commonplace. Of necessity, the proof may be classified as difficult and the cost of services and testimony of medical experts may be high, but the jury accepted the plaintiff's version and awarded substantial damages.

It is a well-grounded and sound rule that generally in negligence cases the provisions of CPLR 8303 are not applicable and,

we think, it is just and equitable. Suffice it is to say that the present facts do not justify an additional allowance and it was an improvident exercise of the court's discretion.

We have examined the other alleged errors and find them to be insubstantial.

The judgment should be affirmed and the order granting additional allowance reversed, on the law and the facts.

GIBSON, P. J., REYNOLDS, AULISI and HAMM, JJ., concur.

Judgment affirmed and the order granting additional allowance reversed, on the law and the facts, without costs.