THE PEOPLE ex rel. PHILIP GARBUTT, Respondents, v. THE ROCHESTER AND STATE LINE RAILROAD COMPANY et al., Appellants.

On appeal from an order adjudging the appellant guilty of contempt in not obeying a peremptory writ of mandamus, the question as to the propriety of the order granting the writ is not presented and cannot be considered.

A peremptory mandamus, in substance, required the R. and S. L. R. R. Co. to build, on or prior to January 1, 1877, a fence on each side of its road, or such portions thereof where fences were not already built, "as may then, or thereafter, be used or operated as a railroad." *Held,* that the direction, so far as it related to the portion of the line which should be in operation January 1, 1877, was sufficiently definite and was capable of being obeyed; and that, therefore, the writ could not be held nugatory.

*It seems,* that the penalty prescribed by the Revised Statutes (2 R. S., 587, § 60), when a peremptory mandamus shall be directed to any public officer, body or board, requiring them to perform a public duty, where it shall appear that such officer, or any member of the body or board has, without just excuse, refused to perform the duty, was intended as a punishment for an unexcused neglect of duty before the issuing of the writ, and which rendered the application therefor necessary; it does not fix and limit the fine which may be imposed for a violation of the writ.

The directors of a railroad corporation, created by the laws of this State, are not public officers, or a public body or board, within the meaning of said statute.

They are, however, officers of a corporation, which may be compelled by mandamus to perform specific acts enjoined by law for the benefit of the public.

The provision of the Revised Statutes, in relation to contempts (2 R. S., 534, § 1, sub. 3), which provides for the punishment as for a contempt of "disobedience to any lawful order, decree or process of a court of record," embraces disobedience of a peremptory mandamus; the writ is to be regarded as an order of the court, within the meaning of the statute.

In imposing a fine for such a disobedience, the court may include as an expense a fair compensation to the relator's attorney for his services in the proceedings.

(Argued November 26, 1878; decided March 18, 1879.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, modifying and

affirming as modified an order of Special Term, imposing a fine upon appellants as for a contempt. (Reported below, 14 Hun, 371.)

The alleged contempt was in disobeying a peremptory writ of mandamus.

The writ was directed to the appellants, The Rochester and State Line Railroad Company, and the members of its board of directors. The requirements of the writ were as follows :

" That upon receipt of this writ you do proceed to build and erect a fence of the height and strength of a division fence, on each side of your roadway, as required by law, and that you proceed and construct cattle-guards on each side of every road-crossing along the line of your railroad, from Rochester city to the village of LeRoy, where such fences are not already built or cattle-guards constructed, so that on or before the first day of January next (1877) there shall have been erected and shall then be maintained such a fence on each side of the roadway, and cattle-guards on each side of each road-crossing, as required by law, upon each and every part of the line of your railroad, from the city of Rochester to the village of LeRoy, or at least upon all such portions of such line as may then or thereafter be used or operated as a railroad by running cars or engines thereupon. Lest complaint shall again come to us by your default — and in what manner this, our command, shall be executed, make appear to our said Supreme Court, at its Special Term, appointed to be held at the court house, in the city of Rochester, on the last Monday of January, A. D. 1877, then and there returning this our writ."

The Special Term order adjudged the defendants guilty of contempt in not complying with the mandate of the writ, and imposed a fine of $507.02, of which sum $98.35 was for the costs and expenses in the mandamus proceedings, and $100 for fees paid by the relator to his attorneys in these proceedings, which the court held to be but a fair compensation for their services. The General Term modified the

order by deducting the said sum of $98.35, and, as modified, affirmed it.

*Geo. F. Danforth*, for appellants. No writ of mandamus could be issued until after the return had been disposed of. (2 R. S., 587, § 57; 3 How. Pr., 380.) The writ was nugatory; it did not describe, with reasonable certainty, the thing to be done. (*People* v. *Nostrand*, 49 N. Y., 375.) The duty of defendants, in regard to fences, was a statutory one. (Laws 1850, p. 233, § 44; Laws 1854, p. 611, § 8.) It was a public duty. (*Corwin* v. *N. Y. and Erie R. R. Co.*, 13 N. Y., 42.) A proceeding to compel the performance of this duty must be by the attorney general in behalf of the People. (*People* v. *A. and V. R. R. Co.*, 24 N. Y., 267; Code, § 43.) The liability is absolute and irrespective of the question of negligence. (*Brown* v. *Buff., etc., R. R. Co.*, 22 N. Y., 199.) This case is not within the provisions of the statute "of proceedings as for contempts to enforce civil remedies, and to protect the rights of parties to civil actions." (2 R. S., tit. 13, chap. 8, part 3, p. 534; 2 R. S., 586, § 54; id., 587, § 60; id., 183, § 104; id., 278, § 10; id., 178, §§ 58, 59.) The allowance of a counsel fee to the relator was improper. (2 R. S., 538, § 21; *Ludlow* v. *Knox*, 7 Abb. [N. S.], 411; *People* v. *Flagg*, 25 Barb., 652; *In re, etc.,* v. *Davis*, 55 N. Y., 145.)

*Angus McDonald*, for respondent. The order was not appealable. (*Adams* v. *Fox*, 27 N. Y., 640; *Briggs* v. *Bergen*, 23 id., 162; *Armstrong* v. *Weed*, 62 id., 250; *Devlin* v. *Devlin*, 69 id., 214; *Brinkley* v. *Brinkley*, 47 id., 40; *People* v. *Dinsmore*, 1 Barb., 557; *People* v. *Suprs.*, 3 How. Pr., 379; Moses on Mandamus, 234, 235.) As it was clear that the order for a mandamus was fully warranted, it never having been appealed from, it stands final. (*People* v. *Mead*, 24 N. Y., 120; *Sheppard* v. *N. Y. and Erie R. R.*, 35 id., 644: *Corwin* v. *N. Y. and Erie R. R.*, 13 id., 53; *People* v. *Albany R. R.*, 24 id., 267; *Rex* v.

1879.]     PEO. ex rel. GARBUTT *v.* R. AND S. L. R. R. Co.     **297**

Statement of case.

*Trustees L. Roads,* 12 B. R., 860.)   The peremptory writ having been granted, it must be obeyed, and nothing can be urged on this application, except to show obedience.   (1 Red-field on Railways [5th ed.], 684; *People* v. *Bergen,* 53 N. Y., 404; *People* v. *Compton,* 1 Duer, 512; 9 N. Y., 263.) The granting of a writ of mandamus may be discretionary ; but, when granted, it becomes, like any other judgment, the final determination of the rights of the parties, and its enforcement becomes a matter of right.   (*Cowen* v. *Erie R. R.,* 13 N. Y., 53; *People* v. *Albany R. R.,* 37 Barb., 223; 24 id., 267; *People* v. *Gas-light Co.,* 30 How. Pr., 91; *State* v. *H. and N. H. R. R. Co.,* 29 Conn., 538; *Regina* v. *Bristol Dock Co.,* 22 B., 64; 2 Railway Cases, 599; *People* v. *Spaulding,* 2 Paige, 326; *Lansing* v. *Eaton,* 7 id., 364.)   When disobeyed no excuse will avail, and no defense can be made to an order for actual damages and costs and expenses of the relator. (Revised Stat., p. 3, chap. 8, tit. 13, § 1, subd. 3; *People* v. *Oliver,* 66 Barb., 570; *People* v. *Stutevant,* 9 Seld., 278; 23 How. Pr., 3; *People* v. *Compton,* 1 Duer, 512; 9 N. Y., 263; *Hull* v. *Leplatrum,* 5 Daly, 534.)   The allowance of a counsel fee was proper.   (*R. R. Co.* v. *Davis,* 55 N. Y., 147; *Brinkley* v. *Brinkley,* 47 id., 49; Laws of 1854, chap. 270; *Davis* v. *Stutevant,* 4 Duer, 148; *People* v. *Compton,* 1 id., 512, 546; 9 N. Y., 263; *People* v. *Oliver,* 66 Barb., 570; *Ludlow* v. *Knox,* 7 Abb. [N. S.], 411.)   The objection that while the duty of appellants is statutory, and they are liable to indictment and to mandamus, yet that the statute itself provides the punishment is not well taken.   (*People* v. *P. V. C. Co.,* 10 How. Pr., 543; 1 Redfield on R'ways [5th ed.], 675; *People* v. *Gas-light Co.,* 30 How. Pr., 39; *State* v. *N. H. R. R. Co.,* 29 Conn., 538; *Henderson* v. *Bowen,* 39 N. Y., 196.)   The objection that the statute imposing the duty fixes the liability as being all damage by corporations to cattle and horses, etc., is not well taken.   (*People* v. *Supervisors,* 11 N. Y., 573; *People* v. *N. Y. and H. R. R. Co.,* 16 Abb. [N. S.], 219; *People* v. *Green,* 58 N. Y., 295; *Attorney General* v. *B. and O. R. R..* 7 Eng. Law. & Eq.,

283.) A writ of mandamus may be enforced by proceedings in the nature of contempt. (3 R. S., tit. 13, part 3, chap. 8, §§ 1, 3; Moses on Mandamus, 224, 225; Angel, etc., on Corps. [2d ed.], chap. 22, § 11, p. 603.) The order adjudging the contempt and fixing costs was not premature. (*People* v. *Sup. Del. Co.*, 45 N. Y., 206; *People* v. *Bergen*, 53 id., 400; Fays' Digest N. Y. Stat., 216–217; *People* v. *Morris*, 1 Hill, 154; *People* v. *Kelly*, 10 N. Y. Sup., 637.)

Rapallo, J. On the hearing of the application for the peremptory mandamus which was issued in this case, no cause was shown against the granting of the writ, and no appeal has been taken from the order for its issue. The question of the propriety of that order is not now before us, the present appeal being only from the order adjudging the appellants guilty of contempt in not having obeyed the writ.

It is objected on the part of the appellants that the writ was nugatory and obedience to it was impossible, because it commanded the erection on or before the first of January, 1877, of fences upon such portions of the railroad line as might then or thereafter be used or operated as a railroad. The direction so far as it related to the portion of the line which should be in operation on the first of January, 1877, was capable of being obeyed and the objection now made would arise only in case after January 1, 1877, other portions of the line should be put in operation. The direction to erect fences, etc., where not already constructed was we think sufficiently definite.

It is further contended that the penalty prescribed by 2 R. S., 587, sec. 60, is the only penalty which can be imposed in a case like the present. That section declares that "whenever a peremptory mandamus shall be directed to any public officer, body or board, commanding them to perform any public duty specially enjoined upon them by any provision of law, if it shall appear to the court that such officer or any member of such body or board has, without just excuse, refused or neglected to perform the duty so enjoined,

the court may impose a fine not exceeding $250 upon every such officer or member of such body or board; and such fine when collected shall be paid into the treasury. And the payment of such fine shall be a bar to any action for any penalty incurred by such officer or member of said body or board by reason of his refusal or neglect to perform the duty so enjoined."

We do not think that this provision was intended to prescribe the punishment for disobeying the writ, but that its object was to authorize the court to whom application should be made for a writ of mandamus against a public officer, body or board to compel the performance of a public duty specially enjoined by law, to impose a fine upon the officer, etc., for past neglect of the duty, in addition to awarding a peremptory mandamus compelling its performance, provided no just excuse is shown for such past neglect. This power of the court granting the mandamus, to fine for past neglect, was intended to obviate the necessity of a criminal prosecution under the statute which constitutes such neglect a misdemeanor, and to enable the court awarding the mandamus to dispose of the whole matter in one proceeding. The offence for which the fine is authorized to be imposed, is not disobedience of the writ, but the unexcused neglect of duty of which the officer was guilty before the writ issued and which rendered the application necessary, and the fine may be imposed at the time of issuing the peremptory writ. This is the clear import of the language of the section, and in the reviser's notes it is stated to be a new provision, intended for the purpose above indicated.

But independently of the question of the construction of the statute above referred to, it is inapplicable to the present case for the reason that the directors of the railroad company are not public officers, nor a public body or board within the meaning of the statute. They are however officers of a corporation created by the laws of this State, and exercising franchises therein, and which may be compelled by mandamus to perform specific acts enjoined by law, for the benefit of the public. (*Rex* v. *Severn and Wyo. R. R. Co.*,

2 Barn. & Ald., 646; *People* v. *Troy and Boston R. R. Co.*, 47 How. Pr., 427; *People* v. *Albany and Vt. R. R. Co.*, 24 N. Y., 267, 268.)

The further point is taken that the case is not within the provisions of the statute " of proceedings as for contempts to enforce civil remedies and to protect the rights of parties to civil actions." (2 R. S., 534.)

This statute provides for the punishment as for a contempt, of disobedience to any lawful order, decree, or process of any court of record. We think that this language is sufficient to embrace disobedience of a peremptory mandamus. Such a mandamus must be regarded as an order of the court within the meaning of this statute. It peremptorily commands the party to whom it is directed to do certain acts. It cannot be supposed that it was intended that the court should be powerless to enforce such a command, and yet if the point of the appellants is well taken no means are provided by law for its enforcement, for there is no other statute under which proceedings can be had for that purpose. It is argued that because, under the statute prescribing the proceedings on mandamus, the above cited statute relative to contempts is expressly made applicable for the purpose of compelling a return to an alternative writ, it cannot be resorted to for the purpose of compelling obedience to the peremptory writ, or of punishing disobedience to it, there being no express provision to that effect. (See 2 R. S., 586, § 54.) If we are right in holding that the word " order " is sufficiently comprehensive to embrace a mandamus, this argument must fail, for then there is express authority to punish disobedience of a peremptory mandamus. It was not necessary to specify in the statute every kind of order which might be enforced pursuant to its provisions. The mode of compelling a return to an alternative writ is properly prescribed in the act relating to proceedings on mandamus; but that does not weaken the effect of the statute relating to contempts, which renders punishable disobedience of any lawful order.

Statement of case.

The fine imposed in this case, as modified by the General Term, consists only of the costs and expenses of the proceedings for contempt. The appellants complain that in addition to the costs an allowance of $100 was made as a fair compensation to the relator's attorneys in the proceedings. For this compensation the relators were liable to their attorneys, and though not embraced within the term costs, we think the court had power to allow it as an expense.

The order of the General Term should be affirmed, with costs.

All concur, except DANFORTH, J., taking no part.
Order affirmed.