SOCIALISTIC CO-OPERATIVE PUBLISHING ASSOCIATION, Respondent, *v.* HENRY KUHN et al., Appellants.

CONTEMPT — WHEN ONE PAYMENT OF FINE IMPOSED UPON SEVERAL DEFENDANTS FOR A CIVIL CONTEMPT IS A SATISFACTION AS TO ALL — CODE CIV. PRO. § 2284, SUBD. 2.   Where a motion is made to punish several defendants for a civil contempt in willfully disobeying an injunction order directed to and issued against all the defendants proceeded against, and an order adjudging them guilty of such contempt does not state the actual loss or injury of the plaintiff, nor any items from which the amount thereof may be computed or inferred, under subdivision 2 of section 2284 of the Code of Civil Procedure, a single fine of $250 may be imposed upon all of the defendants served in the proceeding, for which each defendant is severally liable, and in default, any one and all are liable to imprisonment, but one payment is a satisfaction as to all.

*Socialistic Co-op. Pub. Assn.* v. *Kuhn,* 51 App. Div. 579, modified.

(Argued October 1, 1900; decided November 20, 1900.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 7, 1900, affirming an order of Special Term adjudging the appellants guilty of contempt in disobeying an order enjoining them from publishing, during the pendency of the action, a newspaper under the name *The People,* resembling in appearance the newspaper of the same name published by the plaintiff, and imposing a fine of $250 upon each of the appellants, and in default of payment within thirty days by any one of said appellants, directing the sheriff to commit him to the common jail and detain him therein until payment or discharge according to law.

The Appellate Division allowed the appeal and certified the following question of law :

" Where a motion is made to punish several defendants for a civil contempt in willfully disobeying an injunction order directed to and issued against all the defendants proceeded against, can each defendant so proceeded against, if found guilty of such contempt, be ordered to pay a fine of $250 by way of punishment and ordered committed until the fine is paid ? "

60

*Benjamin Patterson* for appellant. There was no power in the court below to fine the four defendants adjudged in contempt the aggregate sum of $1,000. (*People* v. *Ct. of Oyer & Term.*, 101 N. Y. 245; *People* v. *Aitken*, 19 Hun, 327; *Conover* v. *Wood*, 6 Duer, 682; *Sudlow* v. *Knox*, 7 Abb. [N. S.] 411; *Moffat* v. *Herman*, 116 N. Y. 131; *De Jonge* v. *Brunneman*, 23 Hun, 332; *Powers* v. *Vil. of Athens*, 19 Hun, 171; *Matter of City of Brooklyn*, 148 N. Y. 107.) The court not having power under the Code to inflict four fines in one proceeding for the same violation by four defendants acting together, the whole order must fail. (*Douglas* v. *Halstead*, 11 App. Div. 10.)

*Simon Sultan* for respondent. The question certified to this court on this appeal should be answered in the affirmative. (*Sudlow* v. *Knox*, 4 Abb. Ct. App. Dec. 326; 1 Fiero on Spec. Proc. [2d ed.] 642, 643, § 2284; *H. Mfg. Co.* v. *Venner*, 74 Hun, 458; *King* v. *Barnes*, 113 N. Y. 477; *People ex rel.* v. *Ct. of Oyer & Term.*, 101 N.Y. 247; *Ray* v. *N. Y. B. E. R. R. Co.*, 155 N. Y. 102; *J. M. Agency* v. *Rothschild*, 155 N. Y. 255; *Mahon* v. *Mahon*, 5 Civ. Pro. Rep. 58; *Pitt* v. *Davison*, 37 N. Y. 235; *R. L. Co.* v. *Brigham*, 1 App. Div. 490; *Clark* v. *Bininger*, 75 N. Y. 344.)

LANDON, J. The order appealed from adjudges that the "misconduct and contempt of said defendants was calculated to and did defeat, impair, impede and prejudice the rights and remedies of the plaintiff," thus employing the language of section 14 of the Code of Civil Procedure defining what constitutes a civil contempt in the cases therein specified, and also of section 2266 prescribing the proceedings for its punishment. But the order does not otherwise state the actual loss or injury of the plaintiff, nor does it state any items from which the amount thereof may be computed or inferred, and in this respect the case is unlike *Clark* v. *Bininger* (75 N. Y. 344). The question certified must be considered in connection with the order appealed from. Section 2284 prescribes the amount of the fine to be imposed. It provides for two cases:

(1) " If an actual loss or injury has been produced to a party to an action or special proceeding, by reason of the misconduct proved against the offender, \* \* \* a fine, sufficient to indemnify the aggrieved party, must be imposed upon the offender, and collected, and paid over to the aggrieved party, under the direction of the court. \* \* \*

(2) " Where it is not shown that such an actual loss or injury has been produced, a fine must be imposed, not exceeding the amount of the complainant's costs and expenses, and two hundred and fifty dollars in addition thereto, and must be collected and paid, in like manner." Thus, where the amount of actual loss or injury is established, the amount of the fine must be sufficient to indemnify the aggrieved party. Proof of the amount of damages must be made. (*Sudlow* v. *Knox*, 7 Abb. [N. S.] 411; *Moffat* v. *Herman*, 116 N. Y. 131.) But " Where it is not shown that *such* an actual loss has been produced" the fine cannot exceed two hundred and fifty dollars besides costs and expenses.

The contempt is a private one. (*People ex rel. Munsell* v. *Court of Oyer and Terminer*, 101 N. Y. 245.) It consists of the joint or united action of the defendants with others in publishing a newspaper in disobedience of the order of the court. The fine when collected must be paid to the plaintiff. In the absence of a finding or recital in the order of the actual amount of the plaintiff's damages, or such proofs in the record of their actual amount as would clearly show the amount which the Special Term could have rightfully assumed, the actual damages must be regarded as not exceeding two hundred and fifty dollars, besides costs and expenses.

If the amount of the damages had been proved and fixed, the aggregate fine upon all the defendants could not have exceeded the fixed amount. " Sufficient to indemnify the aggrieved party " is the specification ; exemplary damages are thus excluded. The liability of the defendants in such a case can no doubt be made joint and several, but one satisfaction is enough.

The same rule should apply where the amount of the dam-

ages is not shown, and the fine not exceeding two hundred and fifty dollars is permitted. Clearly, if the plaintiff seeks a larger sum from the offenders he should show his actual right to it.

The plaintiff urges that each defendant is guilty, and is, therefore, liable to a separate fine. If the proceeding were for a criminal contempt, where the state would be the beneficiary of the fine, the case would be different. But in the case of unproven damages, to extort money from the joint offenders beyond the amount fixed by the statute and award it to the plaintiff, is to permit, and perhaps to invite, extortion beyond the requirements of just compensation or indemnity, and to reward the omission of exact proof by multiplying the maximum reward by the number of the offenders. We decline to adopt a construction which would thus substitute exemplary damages for compensatory damages, which are provable to a reasonable certainty.

The question certified should be answered in the negative, with this qualification : A single fine of two hundred and fifty dollars could be imposed upon all of the defendants served in this proceeding, for which each defendant would be severally liable, and in default of payment any one and all would be liable to imprisonment, but one payment would be satisfaction as to all.

The order appealed from should be modified accordingly, with costs to the appellants.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT, MARTIN and VANN, JJ., concur.

Ordered accordingly.