(45 Misc. 357)

### NEW JERSEY FOUNDRY & MACHINE CO. v. SIEBERT.

(Supreme Court, Appellate Term. November 10, 1904.)

1. SUPPLEMENTARY PROCEEDINGS—JUDGMENT DEBTOR—EXAMINATION—FAILURE TO APPEAR—CONTEMPT—FINE—AUTHORITY OF COURT.

Code Civ. Proc. § 2284, provides that, if an actual loss has been produced by contempt, it may be punished by a fine sufficient to indemnify the aggrieved party, to be paid over to him, and, where it is not shown that actual loss has been produced, a fine must be imposed, not exceeding the amount of complainant's costs and expenses, and $250 in addition thereto, which must be collected and "paid in like manner." *Held* that, where a judgment debtor willfully refused to appear for examination in supplementary proceedings, the court had power to impose a fine of $250, and direct its payment to the judgment creditor.

2. SAME—CONTEMPT—ORDER—DESCRIPTION OF CONDUCT.

An order punishing a judgment debtor for contempt in supplementary proceedings, describing the conduct constituting contempt as "willfully disobeying the order requiring him to appear on June 14, 1904, for examination," was not objectionable on the ground that the words quoted were merely descriptive of the order, and did not set forth the act or omission of which the debtor was adjudged guilty.

Appeal from City Court of New York.

Supplementary proceedings by the New Jersey Foundry & Machine Company against Julius H. Siebert. From an order fining defendant for contempt for willfully disobeying an order requiring him to appear for examination, he appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Myers & Goldsmith, for appellant.
L. R. Conklin, for respondent.

FITZGERALD, J. The court below had power to impose a fine of $250, and direct its payment to the judgment creditor. Its authority rests upon section 2284, Code Civ. Proc., by which two methods are provided for compensating an aggrieved party: First, if an actual loss or injury has been produced, by a fine sufficient to indemnify the aggrieved party, "to be collected and paid over to such aggrieved party"; and second, "where it is not shown that such an actual loss or injury has been produced, a fine must be imposed, not exceeding the amount of the complainant's costs and expenses, and two hundred and fifty dollars in addition thereto,

and must be collected and paid in like manner." Socialistic Co-operative Publishing Association v. Kuhn, 164 N. Y. 473, 58 N. E. 649, is directly in point.

The order sufficiently describes the conduct constituting the contempt; its language being, "for willfully disobeying the order requiring him to appear on June 14, 1904, for examination." It is urged that these words are merely descriptive of the order, and do not sufficiently set forth the act or omission of which appellant was adjudged guilty, but this criticism is highly technical. The words "requiring him to appear for examination" are amply sufficient to apprise him that his disobedience consisted in not appearing.

Order affirmed, with costs and disbursements. All concur.