GRAND ART FLOWER CO., INC., Respondent, v. JOSEPH MARKOVITS, Appellant.

First Department, February 4, 1921.

Contempt — violation of injunction restraining defendant from engaging in business contrary to agreement — amount of fine where damage not shown — covenant for liquidated damages preceding covenant not to engage in business not controlling.

Where a defendant violates an injunction restraining him from engaging in business contrary to his agreement, and the plaintiff does not show any actual damage, the court is empowered by section 773 of the Judiciary Law to impose a fine not exceeding the amount of the plaintiff's costs and expenses and $250 in addition thereto.

It was error for the court to fine the defendant $1,000, the amount stipulated in the agreement between the parties to be deposited as security for the faithful performance of the " aforesaid conditions " of the agreement and which was to be taken as liquidated damages for a violation of the contract, since said covenant as to liquidated damages preceded the covenant not to engage in business.

APPEAL by the defendant, Joseph Markovits, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 4th day of December, 1920, adjudging the defendant in contempt of court and fining him in the sum of $1,000 and $10 costs.

*Harry H. Oshrin,* for the appellant.

*Harry A. Goidel,* for the respondent.

PAGE, J.:

The defendant sold his business to plaintiff, and in said agreement covenanted that he would not directly or indirectly as employer, employee or otherwise engage in or be connected with a business similar to the kind to be sold to the plaintiff for a period of five years from the 4th day of May, 1920, within a radius of fifty square blocks from the said address of 1484 Fifth avenue, Manhattan. The defendant violated this covenant and the plaintiff brought an action for an injunction and obtained an injunction *pendente lite.* Thereafter the defendant continued his violation. The court has found that such violation did defeat, impair, impede or prejudice the rights or remedies of the plaintiff.

This being a civil contempt and the plaintiff having failed to prove any actual damage from the violation of the injunction order, the court was empowered by section 773 of the Judiciary Law to impose a fine not exceeding the amount of the plaintiff's costs and expenses and $250 in addition thereto. (*Socialistic Co-operative Pub. Assn.* v. *Kuhn,* 164 N. Y. 473, 475.)

The learned justice at Special Term was probably misled by a provision in the contract that a deposit was to be made by the defendant of $1,000 as security for the faithful performance of the contract, which on a violation of the contract should be taken as liquidated damages. That provision of the contract precedes the covenant not to engage in business and reads: " In the event that said party of the first part shall not faithfully perform the aforesaid conditions, it is agreed between the parties hereto that a certain sum of One thousand ($1,000) Dollars," etc. Therefore, that sum cannot be taken as the fixed and liquidated damages for the violation of this injunction order.

The order should, therefore, be modified by reducing the fine to $250 and costs, and as modified affirmed.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order modified by reducing fine to $250 and costs, and as so modified affirmed, without costs.