In the Matter of Supplementary Proceedings: ANNIE MALMUD, as Executrix, etc., of NATHAN MALMUD, Judgment Creditor, *v.* BENJAMIN BLACKMAN, Judgment Debtor.

Supreme Court, Special Term, New York County, August 22, 1941.

*George Turitz,* for the judgment creditor.

*Lawrence J. Gerber,* for the judgment debtor.

PECORA, J. The judgment creditor has moved to punish the judgment debtor for contempt, charging, among other things, that he gave false testimony upon two examinations in supplementary proceedings. The issues on the motion were referred to an official referee to hear and report with his opinion. Such report has been submitted. It would serve no useful purpose to discuss

the referee's report in detail. It is a comprehensive document, clearly indicating the painstaking care and study that the referee devoted to the matter. The referee's findings are that the judgment debtor, on a number of occasions, when examined, gave false answers to material questions. On July 21, 1936, in an examination he denied he was a stockholder of the Hill Construction Co., whereas the proof disclosed otherwise. On the same day he testified that he had invested no money in that company, and that it was not indebted to him, although the proof showed that he had lent $2,500 to it which had not been repaid. On the same day he falsely swore to another material fact concerning his employment. Again, on November 24, 1939, he testified falsely regarding his ownership of stock in the Hill Construction Co. There are other instances of false swearing which would be superfluous to mention. The referee has stated in his opinion that " the false answers to which I have referred were made wilfully and deliberately." This court is in accord with that conclusion. The report is in all respects confirmed.

That the judgment debtor revealed a total lack of honesty is clear from an analysis of the report, as well as from the other papers which I have had an opportunity to examine. On matters of patent materiality he chose to testify untruthfully, hoping thus to hinder, if not frustrate entirely, the collection of a substantial judgment. He attempted in this way to place impediments in the creditor's path and to prevent recovery of the indebtedness. The explanations offered in extenuation cannot be accepted. They hardly meet the charge. Furthermore, the judgment debtor did not appear in person before the referee and offer to explain any of the matters with respect to which the referee found he testified falsely. There can be no question that the answers were obviously given for the purpose of hindering and impeding the creditor in his efforts at collection.

Defendant's counsel contends that a debtor cannot be punished for contempt for giving false testimony in an examination in supplementary proceedings. (*Matter of Foster* v. *Hastings*, 263 N. Y. 311.) Admittedly this case, as well as a number of others, hold that perjury in supplementary proceedings does not constitute contempt. These decisions, however, were rendered prior to the enactment of section 788 of the Civil Practice Act (Laws of 1935, chap. 630), which provides that " A judgment debtor, third party or witness who shall wilfully and knowingly testify falsely concerning any material subject or matter in the course of a proceeding under this title, shall be guilty of a civil contempt of court and shall be punished by fine or imprisonment, or both, in accordance

with the provisions of the Judiciary Law." The purpose of this section was to provide a simple and summary remedy against judgment debtors for false swearing in supplementary proceedings. (*MacMay Realty Corp.* v. *Katz*, 172 Misc. 553; *Rosen* v. *Wittenberg*, 170 id. 417.)

The creditor claims that as a result of the debtor's misconduct he suffered actual loss or injury to the amount of the judgment; that had the debtor testified truthfully the judgment creditor could have reached assets sufficient to satisfy the judgment. If actual loss or injury has resulted to a party by reason of the illegal acts of a contemner, the court is justified in imposing a fine sufficient to indemnify the aggrieved party. (Judiciary Law, § 773.) Where it is not shown that such an actual loss or injury has been produced a fine must be imposed not exceeding the amount of the complainant's costs and expenses, and $250 in addition thereto. (*Moffat* v. *Herman*, 116 N. Y. 131.) The amount of the fine to be imposed for the purpose of indemnifying the person aggrieved must be based upon proof of damage actually sustained. (*Matter of Goslin*, 95 App. Div. 407; Judiciary Law, § 773.) In this connection the official referee observed: " If my report should be confirmed and the debtor fined rather than imprisoned, if a fine of more than $250 can be imposed the amount of the creditor's judgment may be used as a basis."

Section 788 of the Civil Practice Act makes the debtor's conduct punishable in accordance with the provisions of section 773 of the Judiciary Law, which, as has just been pointed out, subjects the offender to a fine " sufficient to indemnify the aggrieved party " to the extent of the actual loss or injury produced. I believe that had the debtor testified truthfully on July 21, 1936, the judgment to the extent of at least $5,000 could have been collected from his interest in the Hill Construction Co. Moreover, had he testified truthfully on November 24, 1939, the judgment or at least a part thereof could have been collected from his interest in the Segman Realty Corporation. Furthermore, the $2,500 that he had loaned to the Hill Construction Co. could have been recovered in a third-party proceeding. The referee reported that this debt was owed to the debtor personally. I believe that the proof before the court establishes that the creditor sustained damage in the amount of at least $5,000. The motion to punish is granted. The debtor is fined the amount of $5,000, together with costs of fifty dollars and a counsel fee of $350. On the settlement of the order the court will receive suggestions as to the manner of the payment of these sums. Settle order.