■ BENNETT BROTHERS, INC., Respondent, v. FLOYD BENNETT FARMERS MARKET CORPORATION et al., Appellants.— Order, entered on February 28, 1962, modified on the law and on the facts to reduce the fine imposed by the fourth ordering paragraph to the sum of $250, together with the sum of $500 costs and expenses, making a total fine of $750, with said ordering paragraph modified accordingly; and to strike the last decretal paragraph; and otherwise affirmed, with $20 costs and disbursements to the respondent. We agree, for the reasons set forth in the memorandum of Mr. Justice STEVENS, that the fine of $1,000 should be reduced to $250 and we further agree with him that the last decretal paragraph must be stricken. However, in addition to the fine of $250, the court had the power to include in the fine a sum "not exceeding the amount of complainant's costs and expenses". (Judiciary Law, § 773.) Reasonable counsel fees in the matter of the application to punish the defendants for contempt may be properly included as an item of the "complainant's costs and expenses" (21 Carmody-Wait, New York Practice, p. 332; also *People ex rel. Garbutt* v. *Rochester & State Line R. R. Co.*, 76 N. Y. 294; *Dollard* v. *Koronsky*, 61 Misc. 392, affd. 133 App. Div. 896; *Malmud* v. *Blackman*, 177 Misc. 162, PECORA, J.) Such costs and expenses, including reasonable counsel fees, may be reasonably estimated on the papers and proceedings before the court and need not be precisely proved. (See *Mathieson Chem. Corp.* v. *Lindemann Pharmacy*, 8 A D 2d 802.) Here, in our opinion, the nature of the proceedings and the papers in the record amply support the fine of $500 for costs and expenses. Concur — Rabin, J. P., McNally and Eager, JJ.; Valente and Stevens, JJ., dissent in part in the following memorandum by Stevens, J.: In my view the order appealed from should be modified on the law to strike the last decretal paragraph, to strike the amount fixed for costs and expenses with leave to plaintiff to make application at Special Term to prove and recover therefor, to reduce the fine imposed to $250, and should be otherwise affirmed, with costs to respondent. Since the record is barren of proof of actual loss or injury to the plaintiff, that provision of section 773 of the Judiciary Law which provides for the imposition of a fine sufficient to indemnify the aggrieved party where actual loss or injury is proved is not

applicable. However, section 773 provides further, if "it is not shown that an actual loss or injury has been produced, a fine must be imposed, not exceeding the amount of the complainant's costs and expenses, and two hundred and fifty dollars in addition thereto". Since there was no proof as to actual loss or injury, the court was limited by the section quoted. This contempt was a private contempt and the fine imposed could not exceed costs and expenses "and a further sum within the limitation prescribed by law, sufficient to compel respect for the dignity of the court and to serve as a lesson to the respondent". (*People ex rel. Springs* v. *Reid,* 139 App. Div. 551, 553; *Ross* v. *Thousand Is. Park Assn.,* 203 App. Div. 499, 502.) In this case that sum is fixed at $250 (Judiciary Law, § 773; *Socialistic Co-op. Pub. Assn.* v. *Kuhn,* 164 N. Y. 473; *Grand Art Flower Co.,* v. *Markovits,* 195 App. Div. 387), for the order appealed from uses the term "violation" indicating the court treated the acts complained of as a single violation. I disagree with the majority only insofar as they allow $500 as to costs and expenses, for the reasons hereinafter stated. The term "costs and expenses" means that the party may be fined the costs and expenses of the contempt motion only, not the costs of the entire proceeding out of which the alleged contempt arose (*Reidel Glass Works,* v. *Kurtz & Co.,* 260 App. Div. 163, affd. 287 N. Y. 636; *Moffat* v. *Herman,* 116 N. Y. 131; *Matter of Husted,* 37 Misc. 237). "For costs and expenses to be included they must be found on evidence to have been incurred and to be reasonable in amount." (*Reidel Glass Works* v. *Kurtz & Co., supra,* p. 166.) Such costs and expenses may be reasonably estimated and need not be precisely proved (see *Mathieson Chem. Corp.* v. *Lindemann Pharmacy,* 8 A D 2d 802) but some proof must be advanced to support the award. In the absence thereof the court should not adjudge they were a particular sum, for this is an indemnification for disbursements, besides costs (*People ex rel. Lawyer's Sur. Co.* v. *Anthony,* 7 App. Div. 132, 138, affd. 151 N. Y. 620; see, also, *People ex rel. Garbutt* v. *Rochester & State Line R. R. Co.,* 76 N. Y. 294, where the fee paid by relator to his attorney was considered fair compensation and allowed by the court as an expense). Counsel fees are awarded by agreement, where the statute so provides, or where the court, by reason of the nature of the proceeding, exercises its inherent power to make such award. (See *Savage* v. *Sherman,* 87 N. Y. 276, 284; *Matter of Attorney-General* v. *North America Life Ins. Co.,* 91 N. Y. 57; *Downing* v. *Marshall,* 37 N. Y. 380.) The court in which the services were rendered may reach its own conclusion, unaided by expert opinion, as to the value of such services. However, counsel fees should not be awarded arbitrarily or in substantial amount where the parties are protecting their own private personal interest, and the fine and indemnification of costs and expenses result, not from proof of damage, of which there is none here, but by reason of statutory authorization because of disobedience to an order of the court. Counsel fees in this kind of proceeding are in the nature of indemnification for expense incurred, and some proof should be required. For this reason I would require plaintiff to make proof of its expenses in addition to the costs allowed and would have granted leave to do so. (See, also, 8 Carmody-Wait, pp. 402, 403, §§ 44, 45.) The purpose of a fine imposed under section 773 of the Judiciary Law is to indemnify the aggrieved party (*Stewart* v. *Smith,* 186 App. Div. 755). Indemnification cannot be ordered until loss or damage be ascertained or some proof given that loss or damage was suffered. The fixing of an arbitrary amount for any contemplated violation in future in a matter governed by section 773 is not authorized, and a direction therefor will not be sustained. Accordingly, the final decretal paragraph should be stricken. Settle order on notice.