■ BERTRAM GLANZMAN, D.M.D., Respondent-Appellant, v BRADLEY FISCHMAN, D.D.S., Appellant-Respondent.—In an action for an accounting and other relief, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Brucia, J.), entered July 18, 1986, which, upon a finding after a hearing that the plaintiff was guilty of contempt of court for having willfully disobeyed the provisions of a prior order of the same court dated December 9, 1983, adjudged that the defendant had failed to establish the amount, if any, of his damages occasioned by the plaintiff's noncompliance with the order of December 9, 1983, and the plaintiff cross-appeals from so much of the order entered July 18, 1986, as adjudged him in contempt of court, fined him $250, ordered him to reimburse the defendant for all of the costs and expenses of the contempt proceeding, and ordered that the issues of the defendant's costs and expenses of the contempt proceeding be set down for a further hearing.

Ordered that the order is affirmed, insofar as appealed from, without costs or disbursements.

The parties are dentists who entered into a partnership for the practice of dentistry. The partnership was dissolved on or about September 1, 1983. This dispute centers around the plaintiff's removal of dental equipment from the partnership offices after the parties were directed by the order of December 9, 1983, *inter alia,* to "permit access by the other to the partnership offices".

The record clearly establishes that the plaintiff is guilty of civil contempt. It has long been the New York rule that "as punishment for contempt involves, or may involve, not only loss of property but liberty, it is a reasonable requirement that the mandate alleged to be violated should be clearly expressed, and when applied to the act complained of it should appear, with reasonable certainty, that it had been violated" *(Ketchum v Edwards,* 153 NY 534, 539; *Ellenberg v Brach,* 88 AD2d 899). In the case at bar, a fair reading of the directive indicates that the plaintiff was proscribed from rendering the

offices unuseable for the practice of dentistry. A party subject to an injunction is required to take such reasonable measures as would render the decree effective *(Ellenberg v Brach, supra)*. The plaintiff knew or should have known that his removal of dental chairs and other equipment would interfere with the functioning of the offices. The finding of contempt was, therefore, amply supported by the record.

We now turn to the issue of the appropriateness of the punishment. We find that Supreme Court acted properly in imposing a fine of $250, together with a sum sufficient to reimburse the defendant for costs and expenses of the contempt proceeding *(see,* Judiciary Law § 773). Unlike fines for criminal contempt where deterrence is the aim, the punishment for civil contempt must be remedial in nature and effect. The award should be formulated not to punish an offender, but solely to compensate or indemnify private complainants *(State of New York v Unique Ideas,* 44 NY2d 345, 349; *Hardwood Dimension & Mouldings v Consolidated Edison Co.,* 77 AD2d 644). We agree with the Supreme Court that the defendant failed to incorporate into the plans for his future office any of the new equipment which he purchased for the partnership offices as a result of the plaintiff's conduct. The defendant also purchased unnecessary equipment, failed to seek return of the removed equipment and failed to establish any means by which his actual losses could be calculated. Further, the totality of the defendant's proof indicates that any such calculation could only be conjectural *(see, Frankel v Frankel,* 111 AD2d 447). Bracken, J. P., Brown, Weinstein and Spatt, JJ., concur.