OPINION OF THE COURT
Lewis R. Friedman, J.
Judiciary Law § 773 provides that a penalty for civil contempt is the imposition of a fine. These two cases present previously unresolved questions concerning the amount of that fine.
In both cases, on application by the petitioning tenants, the court had entered orders requiring the respondent owners to remedy conditions at their buildings. In both cases the owners have been found in civil contempt of the orders — in Alfonso respondents admitted the contempt, while in Poxt the finding was after trial.
By statute the fine may equal the actual loss to the aggrieved party; all agree that petitioners have not established any actual damages resulting from the contempts. The fine is, therefore, limited. Judiciary Law § 773 provides, in pertinent part: "Where it is not shown that such an actual loss or injury has been caused, a fine may be imposed, not exceeding the amount of the complainant’s costs and expenses, and two hundred and fifty dollars in addition thereto”.
The language of section 773 originated in 1829 (Rev Stat of NY, part III, ch VIII, tit XIII, § 22 [1829 ed]) and was continued, essentially unchanged, as section 2284 of the Code of Civil Procedure (Code Civ Pro § 2284 [L 1880, ch 178]; see, L 1876, ch 448, § 14). The early cases appear to have held that "costs and expenses” did not include attorney’s fees. (Sudlow v Knox, 7 Abb Prac [NS] 411, 419 [Ct App 1869]; Power v Village of Athens, 19 Hun 165 [3d Dept 1879]; cf., Downing v Marshall, 37 NY 380 [1867].) However, late in the 19th century the Court of Appeals concluded that an award of attorney’s fees as part of the fine was permissible (People ex rel. Garbutt v Rochester & State Line R. R. Co., 76 NY 294, 301 [1879]). That interpretation has been continuously followed. (E.g., Hardwood Dimension & Mouldings v Consolidated Edison Co., 77 AD2d 644; Ellenberg v Brach, 88 AD2d 899, 902; Matter of Rothko, 84 Misc 2d 830, 886, mod on other grounds 56 AD2d 499, affd 43 NY2d 305; Gregori v Ace 318 Corp., 134 Misc 2d 871, 874-875.)
The cases, however, have not provided guidance on several of the issues presented here: may a fine include attorney’s fees *917 even though petitioners’ attorneys were provided by a nonprofit organization which was not paid by petitioners; are the costs of the fee hearing properly includable; and are additional costs under CPLR 8303 to be awarded.
FEES FOR ATTORNEYS PROVIDED BY NONPROFIT ORGANIZATIONS
The purpose of section 773 was to insure that the injured party "should at least be made whole. He ought not to be punished for misconduct of the guilty party, as he certainly would be if not allowed, as necessary expenses, the reasonable charges of his counsel.” (Van Valkenburgh v Doolittle, 4 Abb NC 72, 75 [Sup Ct 1877].) The civil contempt statute has often been described as "remedial” and "compensatory”, not punitive (Socialistic Co-op. Publ. Assn. v Kuhn, 164 NY 473, 475 [1900]; State of New York v Unique Ideas, 44 NY2d 345, 350 [1978]; S. I. Realty Holding Corp. v Harris, NYLJ, Feb. 14, 1986, at 13, col 1; Department of Hous. Preservation & Dev. v Swett, NYLJ, June 11, 1984, at 7, col 3 [App Term, 1st Dept]). Counsel for petitioners are attorneys employed by MFY Legal Services, Inc.; no fee was charged to petitioners. Respondents in Alfonso argue that they should not be required to pay a fine which includes attorney’s fees to petitioners who have been "made whole” without such an award.
There is little doubt that the petitioners were harmed by respondents’ contempts; the repair to the single-room occupancy hotel in which they live has unreasonably been delayed. There is also little question that petitioner’s counsel has through its funding provided valuable services to petitioners to insure that respondents complied with the consent order. Even though the petitioners have not paid counsel, counsel has been paid for their services. This court finds that the remedial purposes of Judiciary Law § 773 are served by the imposition of a compensatory fine equal to the fair and reasonable value of the attorney’s fees. As Justice Brennan, concurring in Hensley v Eckerhart (461 US 424, 446, n 6), noted: "such [legal services] attorneys should be paid as if they were in private practice, in order both to avoid windfalls to defendants and to free public resources for other types of law enforcement.” (See, Matter of Greenpoint Hosp. Community Bd. v New York City Health & Hosps. Corp., 114 AD2d 1028, 1032.)
In an analogous area, the New York courts have held that attorney’s fees should be awarded to prevailing parties in *918 Federal Civil Rights Act cases (42 USC § 1988) even where the services have been provided by nonprofit legal services corporations. (Matter of Johnson v Blum, 58 NY2d 454, 459; Matter of Rahmey v Blum, 95 AD2d 294, 302.) That is consistent with the Federal cases. (E.g., Hensley v Eckerhart, supra; New York Gaslight Club v Carey, 447 US 54, 70-71; Washington v Seattle School Dist. No. 1, 458 US 457, 487, n 31; Copeland v Marshall, 641 F2d 880, 889.) While the Appellate Term, Second Department, has held in one circumstance that where a legal services organization provides counsel for a tenant, fees are not "incurred” within the meaning of Real Property Law § 234 (Maplewood Mgt. v Best, 133 Misc 2d 769) that decision turns on the language of Real Property Law § 234; it is not a case of general applicability. Moreover, it is inconsistent with the Appellate Division, Second Department, cases of Matter of Rahmey v Blum (supra) and Matter of Greenpoint Hosp. Community Bd. v New York City Health & Hosps. Corp. (supra) where fees for services provided by nonprofit community groups were allowed, and need not be followed.
In Alfonso there was an evidentiary hearing on the question of attorney’s fees. The court finds that petitioners’ counsel functioned in an efficient manner to achieve favorable results for their clients. Respondents argue that the time spent was excessive since petitioners did not "prevail” on their key point of law, the award of a $250 compensatory fine to each petitioner. Respondents assert that their concession of liability and offer to pay a single $250 civil contempt fine made any legal work on the amount of the fine unnecessary. Respondents’ argument relies far too heavily on the language of the Federal Civil Rights Attorney’s Fees Awards Act (42 USC § 1988) and the cases interpreting it. That statute permits "the prevailing party, other than the United States, a reasonable attorney’s fee as part of the costs.” Cases interpreting the Federal statute have focused on the final result. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee * * * That the plaintiff is a 'prevailing party’ therefore may say little about whether the expenditure of counsel’s time was reasonable in relation to the success achieved.” (Hensley v Eckerhart, 461 US 424, 435-436, supra.)
The Federal concept of measuring a fee by the result is not appropriate in civil contempt cases. The Federal statute relates to the intent of the Civil Rights Act to encourage "private attorneys general” to enforce the public’s interest in *919 providing civil rights to all. (See, Hensley v Eckerhart, 461 US 424, 443-448, supra [Brennan, J., concurring].) The New York contempt statute, on the other hand, focuses on compensation for the aggrieved party, and not on general public rights. In a civil contempt proceeding the respondent should bear all the expenses reasonably incurred by the successful party both in establishing its case-in-chief and in determining appropriate sanctions, whether fine or imprisonment. In this contempt case the issue of the amount of a fine was, despite respondents’ current arguments, not free from doubt (see, the decision holding respondents in civil contempt and Gregori v Ace 318 Corp., supra, decided contemporaneously therewith); it was not unreasonable for petitioners to devote substantial time to research that issue.
The court will not base the fine on any fees related to the resolution of the criminal contempt proceeding or of issues concerning conditions in the building not involved in the contempt proceeding. The time devoted to an effort to resolve the contempt case by settlement is, of course, compensable since a resolution of the issues by settlement can be considered "prevailing” even under the Federal statute. (Maher v Gagne, 448 US 122, 129-130; but see, Canick v Canick, 122 AD2d 767.)
Based on the testimony of the witnesses the court finds that the hourly rates sought, $175 per hour for Ms. Teicher, an agency supervisor, and $125 per hour for Ms. Cohen, were reasonable given their years at the Bar, standing in the legal community, the caliber of their work in this and other cases before this court (see, Jordan v Freeman, 40 AD2d 656; McAvoy v Harron, 26 AD2d 452), and the equivalent rates charged by attorneys with similar responsibilities in private law firms. The court finds that these rates do not exceed a "breakpoint rate” that includes excessive profit or overhead costs of private firms (Matter of Rahmey v Blum, 95 AD2d 294, 302, supra). The court further finds that there was no duplication of effort and that it was reasonable for two attorneys to work on this matter.
FEES ON FEES
Petitioners in both cases seek to have the fine include attorney’s fees for the work involved in securing their fees. The New York law on the subject is sparse. The Federal cases appear to allow such "fees on fees” in civil rights cases (see, *920 e.g., Tyler Business Servs. v National Labor Relations Bd., 695 F2d 73; Gagne v Maher, 594 F2d 336, 343-344, affd 448 US 122, supra; Grumman Corp. v LTV Corp., 533 F Supp 1385, 1390, and cases cited therein).
In New York the general rule has been said to be that "fees on fees” are not recoverable. (See, e.g., Swiss Credit Bank v International Bank, 23 Misc 2d 572, 573-574.) Yet, in analogous situations, such as arbitration under Insurance Law former § 675 (1) (renum § 5106 [a]), the courts have approved such "fees on fees” (Matter of Fresh Meadows Med. Assocs. [Liberty Mut. Ins. Co.], 49 NY2d 93, 99). Similarly, "fees on fees” have been allowed under Real Property Law § 234 for tenants with residential leases (Sommer v Creamer Adv., 13 Hous Ct Rptr 356 [Civ Ct, NY County 1985]; compare, Nine Eleven Park v Finkel, NYLJ, Apr. 9, 1984, at 12, col 5 [App Term, 1st Dept]).
One Supreme Court Justice has recently refused to award "fees on fees” in a contempt case, holding that there must be an end to litigation (Schwartz v Guterman, NYLJ, July 28, 1987, at 6, col 3). However, this court concludes that fees that have accrued up to the close of testimony at the hearing to determine the fine would not create the open-ended result feared in Schwartz. Further, the award of "fees on fees” is reasonable in light of the contempt statute’s purpose of making the injured party whole and not providing a "windfall” to the guilty party. Parties who seek to be compensated by those who have violated the court’s orders should not be required to litigate at their expense the amount that is required to make them whole. Any other result would encourage delay and obstructionist tactics on the part of contemnors in an effort to reduce the value of the award actually received and to encourage unfavorable settlements. (See, Souza v Southworth, 564 F2d 609, 614; Lund v Affleck, 587 F2d 75, 77; Gagne v Maher, 594 F2d 336, supra.) Denying "fees on fees” would dilute the value of an award "by forcing attorneys into extensive, uncompensated litigation in order to gain any fees.” (Stanford Daily v Zurcher, 64 FRD 680, 684, affd 550 F2d 464, revd on other grounds 436 US 547.)
There is no reason to alter the "lodestar” formula (Matter of Rahmey v Blum, supra) in this case. The amount of work and the appropriate cost have been sufficiently established. (Bennett Bros. v Bennett Farmers Mkt. Corp., 16 AD2d 897.) The court finds that fees attributable to Ms. Teicher’s 25.4 hours, $4,445, and to Ms. Cohen’s 56.2 hours, $7,025, are appropriate. *921 The court, therefore, will impose a total civil contempt fine of $11,720 in the Alfonso case.
ADDITIONAL COSTS
The petitioners in Poxt seek additional costs of 5% of the amount recovered pursuant to CPLR 8303 (a) (2) on the ground that this was a "difficult or extraordinary case”. CCA 1904 (c) provides that CPLR 8303 (a) applies in this court but that the additional allowance is limited to the difference between ordinary costs and $500. The court has found no authority which has held a contempt case to be either "difficult” or "extraordinary”. The pre-CPLR authority is of little help since under prior law the case had to be both "difficult and extraordinary”. (Cf., Schwinn & Co. v Wein, 3 Misc 2d 548.)
An analysis of the factors that have traditionally determined whether cases come within the statute shows that under certain circumstances a civil contempt case brought for the violation of an injunction might well be either extraordinary or difficult. Clearly, contempt of an injunction is not a usual matter litigated in the courts, as is a tort case (compare, McGrath v Irving, 24 AD2d 236); it is, therefore, possibly an "extraordinary” proceeding. Yet, Housing Maintenance Code enforcement orders as in the cases at bar have become sufficiently routine (see, Rosenthal v Helfer, 136 Misc 2d 9) as to lose, in most matters, the sense of uniqueness required for an extra award. (Schwartz v Bartle, 51 Misc 2d 215.)
The litigation of a contempt proceeding may be difficult. Yet, the test for an additional award involves the contempt proceeding alone, not the litigation which led to the injunction. In both cases before the court the contempt hearings were brief. While some of the legal issues were complex, the two cases were a far cry from those complex matters in which additional awards have been denied. (E.g., Hempstead Bank v Ryan, 42 AD2d 779; Southwest Shipping Corp. v National City Bank, 18 Misc 2d 997, affd 9 AD2d 622; Addamo v Scaturro, 41 Misc 2d 60, affd 45 Misc 2d 932.) The contempt proceedings were not protracted or pending for a long time, pretrial preparation has not been out of the ordinary, there were not large numbers of witnesses or exhibits, no experts were required; in short, the cases were not "difficult” (Schwartz v Bartle, supra).
In a civil contempt case where there has been the imposi *922 tion of a fine based on the aggrieved parties’ attorney’s fees, only a truly unusual and complex case will warrant the award of any additional costs. The purpose of the additional award is to compensate the successful party for the extra effort involved in the litigation. Where attorney’s fees have been awarded, the party has already been made whole.
The application for additional costs is denied.
In the Poxt case there will be a hearing before the undersigned on January 7, 1988 to determine the amount of attorney’s fees to be included in the fine. (Sadofsky v Sadofsky, 78 AD2d 520.) In the Alfonso case petitioners may enter judgment.