■ BERTRAM GLANZMAN, Appellant, v BRADLEY FISCHMAN, Respondent.—In an action for an accounting and other relief, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brucia, J.), dated March 24, 1987, which found him in contempt of court, imposed a fine of $250 and directed that he pay the sum of $11,233 as reimbursement for the defendant's legal expenses in connection with the contempt proceeding.

Ordered that the order is affirmed, with costs.

The parties herein had been partners in a dentistry practice. Following the dissolution of the partnership, the plaintiff, in violation of a court order, removed certain dental equipment from the partnership offices. As a result of his actions, the plaintiff was found guilty of civil contempt and was ordered to pay a fine of $250 *(see,* Judiciary Law § 773) plus all of the costs and expenses incurred by the defendant in connection with the contempt proceeding. On appeal, this court affirmed the finding of contempt and ordered that the issues of the defendant's costs and expenses be set down for a further hearing *(see, Glanzman v Fischman,* 135 AD2d 493).

A hearing was conducted and the defendant submitted proof to reflect that his counsel had expended 120.7 hours of legal services at a rate of $150 per hour, and that disbursements in the amount of $893 had been incurred. The defendant, therefore, requested that an order be issued directing the plaintiff to reimburse him to the extent of $19,243.

The Supreme Court, however, found that certain activities listed in the itemized time records submitted by the defendant were "not chargeable in full to the contempt proceeding". The court ultimately concluded that 75 hours of legal services, at a rate of $135 per hour, more appropriately reflected the time and effort which counsel had devoted exclusively to the contempt proceeding. The court further held that disbursements, in the sum of $858, were directly attributable to the contempt proceeding. Accordingly, an order was issued directing the plaintiff to pay the aggregate sum of $11,233 in addition to the statutory fine.

The plaintiff, on appeal, contends that the defendant was only entitled to receive reimbursement for legal services rendered in connection with the attempt to prove that the plaintiff was guilty of contempt. The plaintiff alleges that the Supreme Court improperly considered and included in its

award the efforts expended by counsel in attempting to prove that the defendant suffered actual damages as a result of the contempt.

We find the plaintiff's argument to be devoid of merit. Judiciary Law § 773 permits an aggrieved party to recover costs and expenses, as well as the statutory fine of $250, where no actual damages have been established as a result of the contempt (see, State of New York v Unique Ideas, 44 NY2d 345). The reasonable counsel fees which are incurred in connection with an application to punish another for contempt are properly included as an item of the aggrieved party's "costs and expenses" (see, Bennett Bros. v Bennett Farmers Mkt. Corp., 16 AD2d 897; see also, Quantum Heating Servs. v Austern, 121 AD2d 437). It is irrelevant whether the legal fees incurred are attributable to proving the contempt or whether they are attributable to proving the damages flowing therefrom. In both instances, the fees are a direct product of the contempt proceeding and are, therefore, properly recoverable.

Similarly unavailing is the plaintiff's contention that the Supreme Court erred in estimating the value of the legal services rendered to the defendant. Rather, it has been held that an aggrieved party's costs and expenses, including reasonable counsel fees, need not be proven precisely, but may be assessed by the court, based upon the papers and proceeding (see, Bennett Bros. v Bennett Farmers Mkt. Corp., supra). The Supreme Court evaluated the evidence submitted in the case at bar and arrived at a reasonable fee which reflected the services rendered in connection with the contempt proceeding. We see no reason to disturb the award.

We have examined the plaintiff's remaining contentions and find them to be without merit. Mollen, P. J., Kunzeman, Rubin and Eiber, JJ., concur.