Iovine v State of New York (2018 NY Slip Op 06723)





Iovine v State of New York


2018 NY Slip Op 06723


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-06838

[*1]Robin J. Iovine, etc., respondent, 
v
State of New York, appellant. (Claim No. 114517)


Barbara D. Underwood, Attorney General, New York, NY (Anisha S. Dasgupta and David S. Frankel of counsel), for appellant.
Simon, Eisenberg & Baum, LLP, New York, NY (Sagar Shah of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for wrongful death and loss of services, the defendant appeals from a corrected judgment of the Court of Claims (Stephen J. Lynch, J.), dated May 3, 2017. The corrected judgment, upon an interlocutory judgment of the same court, dated December 22, 2014, finding the defendant to be 33.3% at fault in the happening of the accident, is in favor of the claimant and against the defendant in the total sum of $189,499.62.
ORDERED that the corrected judgment is reversed, on the law, with costs, the interlocutory judgment dated December 22, 2014, is vacated, and the claim is dismissed.
On August 28, 2006, the claimant's decedent was driving his motorcycle east on Sunrise Highway, Route 27, in Nassau County, at a speed of at least 62 miles per hour. The speed limit was 45 miles per hour. The decedent also had cocaine in his system. At the same time, nonparty Guadalupe Carranca was in her vehicle at a stop sign, preparing to turn right and merge from Old Sunrise Highway onto Sunrise Highway. Carranca attempted to merge directly into the left-turn lane of Sunrise Highway, which required her to cross three lanes of traffic, and then required her to cross a solid white line.
The decedent made contact with Carranca's vehicle, lost control of his motorcycle, and skidded approximately 95 feet until he made contact with a guardrail. The decedent died from his injuries.
Robin J. Iovine, the administrator of the decedent's estate, commenced this claim against the defendant, State of New York, on November 20, 2007, alleging that the State had negligently designed the roadway. At trial, the claimant presented the testimony of a civil engineer who testified that the subject merge from Old Sunrise Highway onto Sunrise Highway was unsafe, and that the merge should have included either channelizing devices—vertical orange sticks—along the solid white line of the left-turn lane, or warnings to discourage drivers from crossing three lanes of traffic and a solid white line. The claimant's expert further testified that such measures "may" have prevented Carranca from attempting to cross three lanes of traffic in front of the oncoming decedent.
The State presented the testimony of a civil engineer who had reviewed a report prepared by Urbitran Associates, Inc., in 2003, concerning the safety of the subject intersection (hereinafter the Urbitran Report). The engineer testified that the Urbitran Report found no safety concerns regarding the intersection of Old Sunrise Highway and Sunrise Highway. The claimant's expert conceded that the Urbitran Report found no safety problems with traffic from Old Sunrise Highway merging with eastbound Sunrise Highway, and that she found no deficiencies with the Urbitran Report.
The State's engineer (hereinafter the engineer) testified that a traffic light was subsequently placed at the intersection of Old Sunrise Highway and Sunrise Highway in order to "increase the capacity of the intersection, to improve the operations of the intersection by allowing the dual turns." He testified that the traffic light was not designed to prevent the type of accident that occurred in this case.
In a decision dated September 10, 2014, the Court of Claims found that the State was not entitled to qualified immunity, that the State had constructive notice of a dangerous condition at the intersection, and that the State's failure to remedy that dangerous condition was a proximate cause of the accident. In an interlocutory judgment dated December 22, 2014, the court found in favor of the claimant and against the State, finding the State to be 33.3% at fault in the happening of the accident. In a corrected judgment dated May 3, 2017, the court found in favor of the claimant and against the State in the total sum of $189,499.62. The State appeals.
The Court of Claims' finding that the State was not entitled to qualified immunity for decisions pertaining to the right turn from Old Sunrise Highway onto eastbound Sunrise Highway was not warranted by the facts. "On an appeal from a judgment after a nonjury trial, this Court's power to review the evidence is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, giving due regard to the trial court, which had the advantage of assessing the credibility of witnesses" (Rock v Rock, 100 AD3d 614, 615-616; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499).
"It has long been held that a municipality owe[s] to the public the absolute duty of keeping its streets in a reasonably safe condition. While this duty is nondelegable, it is measured by the courts with consideration given to the proper limits on intrusion into the municipality's planning and decision-making functions" (Friedman v State of New York, 67 NY2d 271, 283 [internal quotation marks and citations omitted]). Thus, in the field of traffic design engineering, a municipality is accorded a qualified immunity from liability arising out of a highway planning decision (see Turturro v City of New York, 77 AD3d 732, 735).
"To establish its entitlement to qualified immunity, the governmental body must demonstrate that the relevant discretionary determination by the governmental body was the result of a deliberative decision-making process. A municipality is entitled to qualified immunity where a governmental planning body has entertained and passed on the very same question of risk as would ordinarily go to the jury" (Ramirez v State of New York, 143 AD2d 880, 881 [citations and internal quotation marks omitted]; see Weiss v Fote, 7 NY2d 579, 588).
Here, the State submitted the Urbitran Report as evidence that it had studied the intersection at issue, as part of a larger study of a 1.2-mile stretch of Sunrise Highway. The Urbitran Report considered safety conditions and accident history, traffic volumes, "speeds and delay studies," and traffic control devices. The State concluded that no additional safety measures were necessary regarding the right turn from Old Sunrise Highway onto eastbound Sunrise Highway. The claimant's expert conceded that the Urbitran Report found no safety problems with traffic from Old Sunrise Highway merging with eastbound Sunrise Highway, and further conceded that she found no deficiencies with the Urbitran Report. The subsequent placement of a traffic light at the intersection for reasons other than preventing the type of accident that occurred in this case does not affect the State's entitlement to qualified immunity for decisions pertaining to the right turn from Old Sunrise Highway onto eastbound Sunrise Highway.
Thus, the Court of Claims should have found in favor of the State, and dismissed the claim.
In view of the foregoing, we need not address the parties' remaining contentions.
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court